SEAGRIFF v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1898.)

STREET RAILROADS—COLLISION WITH VEHICLES—DEGREE OF CARE.
In an action by the driver of a truck to recover damages from a surface-railroad company for personal injuries resulting from a collision between the truck and one of defendant's cars, the judge charged, in substance, that, upon the questions of negligence and contributory negligence, both parties were bound to exercise that degree of care which a person of ordinary experience and prudence should have exercised to avoid the collision, "because the same degree of care must be exercised by one as by the other." *Held,* no error.

Appeal from trial term, Kings county.

Action by James Seagriff against the Brooklyn Heights Railroad Company. From a judgment in favor of defendant and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Joseph L. Keane, for appellant.
Thomas L. Hughes, for respondent.

WOODWARD, J. A careful examination of the evidence in this case and the rulings of the trial court discloses no reason why the verdict of the jury should be set aside, and it follows, of course, that the judgment must be affirmed. This was an action for personal damages sustained by the plaintiff, by a collision with one of the cars of the defendant, during the street-railroad strike in February, 1895. The plaintiff was driving a truck upon one of the tracks of the defendant's street railroad, in the city of Brooklyn, following a coal cart. There was evidence to show that the street was somewhat incumbered by the snow, which the railroad had removed from its tracks, and the plaintiff was using the tracks of the company because of this obstruction. Desiring to go faster than the coal cart in front, the plaintiff, acting under the instructions of his employer, who occupied a seat beside him, turned out into the east-bound track of the defendant, intending to drive around the coal cart. Before doing so, the plaintiff looked along the east-bound track and saw a car approaching some two blocks away, and the car seems to have been approaching at a rapid rate. The evidence of the defendant is to the effect that the motorman saw the wagon turn into the east-bound track, but, supposing the driver intended to cross, the car was allowed to proceed upon its way. While the car was some 30 or 35 feet away the driver swung his team in towards the west-bound track, ahead of the coal cart, and before the motorman could stop the car the collision occurred, resulting in the injury to the plaintiff.

These facts were placed before the jury with considerable latitude on both sides, and the trial justice charged the jury, clearly stating the law of negligence. There were no exceptions in the case worthy of serious consideration, and the principal point now urged in behalf of the plaintiff is that part of the charge to the jury which says that "the same degree of care must be exercised by one as by the other," and to which there was no exception at the trial. We think, had there been an exception, the court correctly stated the law. The fact that there was a strike in progress was as well known to the plaintiff as to the defendant; and, while both had an equal right to be in the highway, the disturbed condition of society, and the difficulties under which the defendant was laboring in operating its railroad, did not increase its obligations more than those of the plaintiff.

The trial court, after defining carefully the degree of care which the defendant was bound to observe in operating its cars, stating the rule to be that "degree of care which a person of ordinary experience and prudence should have exercised to avoid the collision," gave some further discussion to collateral matters, and, in approaching the question of contributory negligence, said: "In determining that question,

you will recollect the same definition, because the same degree of care must be exercised by one as by the other." This is clearly the law. There is no charge that the defendant could neglect any reasonable precaution, or that it was not, under the circumstances, under obligations to exercise greater care than would be necessary under different circumstances, but simply that both the plaintiff and defendant were bound to exercise that degree of care "which a person of ordinary experience and prudence should have exercised to avoid the collision"; and the question having been passed upon by the jury, and the trial court having refused to grant a new trial, this court can find no warrant for interfering.

. The judgment and order of the court below are affirmed, with costs. All concur.